UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| DANIEL BUTCHER, on his own behalf and on behalf of a class of those similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> CLERK, PUTNAM COUNTY, INDIANA, <br><br> Defendant. | No. 2:21-cv-422 |

**Class Action Complaint for Declaratory and Injunctive Relief**

**Introduction**

1. Although Indiana courts utilize electronic filing, Indiana court rules continue to allow pro se litigants to file manually. Mr. Butcher is currently incarcerated at the Putnamville Correctional Facility and has attempted to file a pro se habeas corpus petition by mail. His filing has been rejected by the defendant, the Clerk of Putnam County, Indiana who has a policy of requiring even pro se filers from the Putnamville Correctional Facility to file electronically resulting in the rejection of Mr. Butcher's attempted filing and those of other prisoners. Mr. Butcher and the other prisoners at Putnamville Correctional Facility do not have access to the means to make filings electronically. The policy of the Clerk therefore absolutely denies Mr. Butcher and the other prisoners at Putnamville Correctional Facility the right to petition and the right of

access to the courts in violation of the United States Constitution. Injunctive and declaratory relief should issue to plaintiff and a class of those similarly situated.

**Jurisdiction, venue, cause of action**

2. This Court has jurisdiction of plaintiff's federal claim pursuant to 28 U.S.C. § 1331.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391.

4. Declaratory relief is authorized by 28 U.S.C. §§ 2201, 2202 and by Federal Rule of Civil Procedure 57.

5. Plaintiff brings this action pursuant to 42 U.S.C. § 1983 to redress the deprivation, under color of state law, of rights secured by the Constitution of the United States.

**Parties**

6. Daniel Butcher is an adult person currently incarcerated in Putnam County, Indiana.

7. The Clerk of Putnam County, Indiana, is responsible for, among other things, processing court filings sent by prisoners for cases pending or to be filed in the state courts of Putnam County. The office of the Clerk is sued pursuant to Federal Rule of Civil Procedure 17(d).

**Class allegations**

8. This action is brought by Daniel Butcher on his own behalf and on behalf of a class of those similarly situated pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure.

[2]

9. The class is defined as:

   all prisoners currently confined in the Putnamville Correctional Facility, or who will be confined there in the future, and who present, or will present, documents for filing to the Clerk of Putnam County by means other than through electronic filing

10. The requirements of Rule 23(a) of the Federal Rules of Civil Procedure are met in this case in that:

   a. The class as defined is so numerous that joinder of all members is impracticable. The exact size of the class remains to be determined. As of September 2021, Putnamville Correctional Facility housed 1,926 prisoners. Inasmuch as all state court habeas corpus cases filed by prisoners confined in Putnamville Correctional Facility must be filed in Putnam County courts in addition to other actions filed by prisoners there, and since the prisoners do not have access to electronic filing, it is believed that the class is large.

   b. There are questions or law or fact common to the class—whether the policy of the defendant violates the United States Constitutions

   c. The claims of the representative party are typical of those of the class.

   d. The representative party will fairly and adequately protect the interests of the class.

11. The further requirements of Rule 23(b)(2) are met as defendant has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole.

12. Undersigned counsel are appropriate persons to represent the class and should be so appointed pursuant to Federal Rule of Civil Procedure 23(g).

**Facts**

13. Daniel Butcher is currently confined to the Putnamville Correctional Facility, which is in Putnam County Indiana, and is operated by the Indiana Department of Correction.

14. Mr. Butcher is currently incarcerated as the result of the revocation of his parole.

15. Mr. Butcher wishes to file a challenge arguing that his parole was revoked unlawfully and that he is entitled to immediate release.

16. In Indiana a prisoner who has been re-imprisoned after a revocation of parole and who claims an entitled to immediate release must do so through a petition for a writ of habeas corpus. *See, e.g., Grayson v. State*, 58 N.E.3d 998, 1000-01 (Ind. Ct. App. 2016).

17. Indiana law also requires that a habeas corpus case filed by a prisoner be filed in county where he or she is currently incarcerated. Ind. Code § 34-25.5-2-2(a)(1).

18. Indiana Rule of Trial Procedure 87 generally requires that the filing of the papers commencing a case and all subsequent filings be accomplished by electronic filing of the relevant documents.

19. However, Rule 87(B)(3) provides that "[u]ntil further order of the Supreme Court, unrepresented litigants are not required but are encouraged to file using the IEFS [electronic filing]."

20. There have been no further orders modifying Rule 87(B)(3).

21. Prisoners are Putnamville Correctional Facility do not have access to the means to conduct electronic filing.

22. On October 19, 2021, Daniel Butcher mailed an envelope to the Putnam Superior Court Clerk, another name for defendant's office.

23. The envelope contained Mr. Butcher's pro se Verified Petition for Writ of Habeas Corpus.

24. On October 25, 2021, the envelope was returned to Mr. Butcher by the Clerk. Stamped on the envelope was "Return to Sender – Refused – Unable to Forward – Return to Sender." And written on the envelope was "Return to Sender – E File." The envelope is attached.

25. Mr. Butcher has been informed that other prisoners at Putnamville Correctional Facility have had their filings returned because the Clerk has adopted a policy that requires that all prisoners electronically file their documents, which is impossible for prisoners at Putnamville Correctional Facility as electronic filing capability is not provided to prisoners confined there.

26. Because of defendant's policy, Mr. Butcher has no means to challenge the legality of his confinement, even though he has a good-faith belief that his current confinement is unlawful.

27. This is causing him actual and continuing injury as he is being denied the right to pursue a non-frivolous claim.

28. He is being denied the right to petition the government for redress of his grievances.

29. At all times defendant has acted and has refused to act under color of state law.

30. The actions and inactions of defendant Clerk are causing Mr. Butcher irreparable harm for which there is no adequate remedy at law.

**Legal claim**

31. Defendant's policy and actions of refusing to accept and process filings from pro se prisoners that are not electronically filed violates the rights of the plaintiff and the putative class to petition and the right of access to the courts secured by the United States Constitution.

**Request for relief**

WHEREFORE, plaintiff requests that this Court:

1. Accept jurisdiction of this case and set it for hearing at the earliest opportunity.

2. Certify this case as a class action, with the class defined as noted above.

3. Declare that the actions of the defendant are unlawful for the reasons noted above.

4. Enter a preliminary injunction, later to be made permanent, preventing defendant from refusing to process filings from plaintiff and the putative class even though the filings are not electronically filed.

5. Award plaintiff his costs and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988.

6. Award all other proper relief.

Kenneth J. Falk
Stevie J. Pactor
ACLU of Indiana
1031 E. Washington St.
Indianapolis, IN 46202
317/635-4059
fax: 317/635-4105
kfalk@aclu-in.org
spactor@aclu-in.org

Attorneys for Plaintiff and the Putative Class

[7]